```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION

DAVID KIRKLAND,                    )
                                   )
      Plaintiff,                   )
                                   )
v.                                 )    CIVIL ACTION NO.
                                   )    2:15-cv-1500-WMA
SOUTHERN COMPANY SERVICES          )
INC.,                              )
                                   )
      Defendant.                   )
```

**MEMORANDUM OPINION**

In three previous published opinions, this court has done its dead level best to explain to a skeptical and unhappy plaintiff audience why they can no longer file "mixed-motive" cases that involve claims brought under the Age Discrimination in Employment Act ("ADEA"), or for retaliation under Title VII, or under the Americans with Disabilities Act ("ADA"). See *Savage v. Secure First Credit Union*, 107 F. Supp. 3d 1212 (N.D. Ala. 2015), *Thomas v. Kamtek, Inc.*, --- F. Supp. 3d ----, 2015 WL 6503672 (N.D. Ala. Oct. 28, 2015), and *Dawson v. Wal-Mart Stores E., LP*, --- F. Supp. 3d ----, 2016 WL 212984 (N.D. Ala. Jan. 19, 2016).

A new issue is presented in the instant case, namely, whether the concept of "but-for" and the acceleration of the demise of "mixed-motive" cases it has caused, is equally applicable to suits for retaliation brought under the Family and Medical Leave Act ("FMLA"). After the thoughts hereinafter expressed, this court will respectfully decline to extend the reach of "but-for" to FMLA

1

retaliation while acknowledging that the question is a very close one.

In the case before the court, plaintiff, David Kirkland, disagrees with the court's earlier opinions, all of which address the subject of "but-for" causation necessary for the pursuit of certain federal employment discrimination claims.

At a preliminary conference held on January 5, 2016, Kirkland's counsel, as an officer of the court, told the court that without discovery he could not intelligently and honestly determine which, if any, of his client's statutory theories of employer liability for having terminated him could meet the "but-for" test, but he was sure that he can find one that qualifies if given reasonable discovery before having to decide.

Kirkland continued to quarrel with this court's consistent requirement that "but-for" allegations must be **pled** as well as proven.  The court pointed out that it is not alone in requiring the actual up-front allegation of "but-for." See *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90-91 (2d Cir. 2015). Kirkland's counsel assured the court that if allowed discovery he would immediately amend Kirkland's complaint insofar as it invokes the ADA and/or the FMLA and allege that each of defendant's violations of the said statutes was the "but-for" cause of Kirkland's termination. Although it is semantically impossible to mount more than one "but-for" claim in a case, the court made a

Faustian bargain with Kirkland's counsel to allow his proposed amendment for the sake of preserving his position and consequently to overrule any Rule 12(b)(6) motion, that is, if the insertion of the magic words "but-for" would rectify all present defects in a particular count, considered separately from every other claim or count.

Defendant, Southern Company Services, Inc. ("Southern Co.") strongly opposed this bargain arguing that the pleading of "but-for" can occur in only one count because "but-for" means "sole", and plaintiff must choose his one and only "but-for" claim *ab initio*. The court acknowledged that it was plowing new ground in its proposed agreement with Kirkland but made clear to Kirkland's and to Southern Co.'s counsel that on or before the summary judgment deadline Kirkland must pick a single count as the "but for" cause of his termination. Kirkland's counsel agreed to do just that.

After the said preliminary conference, Kirkland filed his promised amended complaint (Doc. 19) attempting to cure what the court had suggested were shortcomings in his original complaint, including the absence of "but-for" allegations.

On January 29, 2016, Southern Co. filed a motion to dismiss Count Four and Count Six of the amended complaint on the grounds that said counts are inconsistent with *Savage* and do not satisfy the "but-for" causation requirement. (Doc. 20).  Finally, on

February 2, 2016, Southern Co. filed an answer to the amended complaint. (Doc. 23), containing as its first affirmative defense that "[s]ome or all of the Complaint fails to state a claim upon which relief can be granted." (Doc. 23 at 21). This constitutes a Rule 12(b)(6) motion addressed to every count and must be ruled upon before the case can proceed.

The court was probably wrong to make the unusual agreement it made with Kirkland, but, as will hereafter become apparent, there can be no ultimate harm done because there are fatal defects in some counts that a "but-for" allegation would not salvage. The bargain will force Kirkland to pursue no more than one "but-for" cause of action after the dispositive motion deadline. As stated earlier, this case presents the following new question:

> Does "but-for" reach the Family and Medical Leave Act ("FMLA")?

Just this past term, the Supreme Court of the United States remarked on its consistent construction and interwoven application of "but-for" causation principles across various employment discrimination statutes, expressing itself as follows:

> The term "because of" appears frequently in antidiscrimination laws. It typically imports, at a minimum, the traditional standard of but-for causation. *University of Tex. Southwestern Medical Center v. Nassar*, 570 U.S. ----, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013). Title VII relaxes this standard, however, to prohibit even making a protected characteristic a "motivating factor" in an employment decision. 42 U.S.C. § 2000e-2(m).

*E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 135 S. Ct. 2028, 2032 (2015).  Following this juxtaposed construction of "but-for" and "mixed-motive" causation across federal antidiscrimination laws, this court has applied "but-for" causation to various ADA claims.  The court will nevertheless decline to extend the reach of the "but-for" concept to FMLA retaliation.  The court finds it unnecessary and unwise to purport to resolve this as yet unexplored issue, even though Southern Co. makes a good argument for such an expansion.

### COUNT ONE

In both his original and his amended complaint, Kirkland alleges in Count One a failure by defendant to engage in the interactive process provided by the ADA.  An allegation of failure to engage in interactive process is not the functional equivalent of denying a reasonable accommodation, the separate subject of Count Two and the reason for the ADA.  It is not a separate legal claim independently creating ADA liability. *Crutcher v. Mobile Hous. Bd.*, 2005 WL 2675207, at *12 (S.D. Ala. Oct. 20, 2005) (relying on *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256, n.2 (11th Cir. 2001); see also *Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 683 (7th Cir. 2014) (quotes omitted) ("there is no separate cause of action for a failure of that interactive process . . . [b]ecause the interactive process is not an end in itself").

"The regulations governing the ADA explain that an employer **may** need 'to initiate an informal, interactive process with the individual with a disability in need of an accommodation' to identify the person's limitations and potential reasonable accommodations that could overcome those limitations." *Spears v. Creel*, 607 F. App'x 943, 948 (11th Cir. 2015) (quoting 29 C.F.R. § 1630.2(o)(ii)(3)) (emphasis added).  The statute provides no penalty for what the employer **may** or **may not** choose to do with respect to negotiations prior to non-accommodation, and it would constitute gross speculation to allow an inference that if an attempt at conciliation had been undertaken, there would have been no termination.  If Kirkland is expecting to ask a jury to reach such a conclusion he is asking too much.

The pertinent agency regulation promulgated by the EEOC does not and cannot create a separate cognizable cause of action. Rather, it simply clarifies what constitutes a "reasonable accommodation" under the ADA. 29 C.F.R. § 1630.2; see Regulations To Implement the Equal Employment Provisions of the Americans With Disabilities Act, as Amended, 76 FR 16978-01 ("These amended regulations are necessary to implement fully the requirements of the ADA Amendments Act's broader definition of 'disability.'").

At the court's preliminary conference on January 5, 2016, Kirkland's counsel was unable to satisfy the court that Count One is a separate, free-standing, viable claim.  Furthermore,

Kirkland was unable to articulate a specific remedy available for failure to conciliate.  In his amended complaint, Kirkland makes no attempt to describe an express or an implicit remedy for Count One. (Doc. 1 at 3-9; Doc. 22 at 3-9).  The remedy, if there is one, is certainly not reinstatement to the job from which Kirkland was separated.  The only possible remedy would be to force the defendant to engage involuntarily in the conciliation procedure by the issuance of an injunctive order that logically would require all of the other five counts to be dismissed without prejudice or otherwise administratively disposed of as premature or potentially moot.

### COUNT TWO

In his amended Count Two, Kirkland alleges failure to accommodate in violation of the ADA. (Doc. 22 at 9-10). In an ADA failure to accommodate claim, "[plaintiff] bears the burden of showing not only that [the employer] failed to reasonably accommodate his disability, but that, **but for** [the employer's] failure to accommodate his disability, he would not have been terminated." *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1263 (11th Cir. 2007)(emphasis added).  This holding is straight-forward and impossible to misunderstand.

Kirkland amended his ADA claims in Counts Three and Four to include the fateful words "but-for," but strangely did not so amend his central ADA failure to accommodate claim brought in

7

Count Two. (Doc. 1 at 9-10; Doc. 22 at 9-10).  In other words, as to Count Two Kirkland consciously or unconsciously did not take advantage of the unusual bargain he talked the court into. Therefore, Count Two must be dismissed because Kirkland still fails to allege the mandatory "but-for" causation for pursuing an ADA claim of failure to accommodate.

## COUNT THREE

In his amended Count Three, which charges disability discrimination under the ADA, Kirkland includes the allegation that "but for Plaintiff's disability, Plaintiff would not have been terminated." (Doc. 22 at 10).  He therefore took full advantage of his bargain as to Count Three.  This means that contrary to the result in Count Two, amended Count Three survives the Rule 12(b)(6) challenge.

## COUNT FOUR

Amended Count Four complains of retaliation under the ADA. Kirkland now includes multiple allegations of "but-for" causation.  Specifically, Kirkland avers:

> 67. But for Plaintiff's disability, Defendant would not have retaliated against Plaintiff for seeking a reasonable accommodation.
>
> * * *
>
> 69. But for Plaintiff's disability, Defendant would not have retaliated against Plaintiff because he challenged the disciplinary action Defendant implanted against him as a result of his disability.

(Doc. 22 at 11-12).  While amended Count Four is less than perfect in its draftsmanship, it sufficiently complies with the court's instruction that "but-for" causation is a *sine qua non* for ADA retaliation claims to entitle Kirkland to the benefit of his bargain.

## COUNT FIVE

Count Five is the first count brought under the FMLA. "[T]he FMLA creates two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, see 29 U.S.C. § 2615(a)(1), and retaliation claims, in which an employee asserts that his employer discriminated against him **because** he engaged in activity protected by the Act, see 29 U.S.C. § 2615(a)(1) & (2); 29 C.F.R. § 825.220(c)." *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001) (emphasis added).  "To state a claim of interference with a substantive right, an employee need only demonstrate by a preponderance of the evidence that he was entitled to the benefit denied." *Strickland*, 239 F.3d at 1206-07. "An employee need not "allege that his employer intended to deny the right; the employer's motives are irrelevant." *Martin v. Brevard Cty. Pub. Sch.*, 543 F.3d 1261, 1267 (11th Cir. 2008).

In amended Count Five, Kirkland alleges that Southern Co. was an FMLA eligible employer, that he was approved for

intermittent FMLA leave, and that Kirkland received write-ups and eventual termination while on this intermittent FMLA leave. (Doc. 22 at 12-13). Therefore, Count Five states a plausible claim for relief for both types of conduct proscribed by 29 U.S.C. § 2615. The word "because" in the provision of the statute creating liability for FMLA retaliation is enough like the Title VII retaliation language to justify the "but for" requirement in FMLA retaliation cases. The motion to dismiss Count Five will be denied.

## COUNT SIX

Kirkland amended Count Six claiming FMLA retaliation to include the allegation that "[b]ut for Plaintiff's FMLA use, Defendant would not have retaliated against Plaintiff for exercising his rights under the FMLA." (Doc. 22 at 14).

At the conference on January 5, 2016, the court was operating under the influence and the expression of the Seventh Circuit that retaliation under the FMLA is a "because" cause of action. *Kauffman v. Fed. Exp. Corp.*, 426 F.3d 880, 884 (7th Cir. 2005). The court still believes that when it is clearly faced with the issue the Supreme Court will find that FMLA retaliation claims require the allegation and proof that "**but-for**" the retaliatory motive of the employer, the adverse employment action would not have occurred. In this belief, the court on January 5, 2016 promised to apply the retaliation doctrine employed in Title

VII cases to this FMLA case, just as this court has applied "but-for" to ADA cases and ADEA cases. The court, however, is no longer as sanguine on the issue as it was on January 5, 2016, realizing that the issue is still a toss-up in the Eleventh Circuit. See *Coleman v. Redmond Park Hosp., LLC*, 589 F. App'x 436, 438-39 (11th Cir. 2014) ("we decline to address [defendant's] argument that we should require [plaintiff] to prove that her FMLA leave was the "but-for" cause of its decision not to rehire her"). Although Kirkland amended Count Six to allege "but-for," Count Six and Count Five will be looked at again before Kirkland is forced to pick his one and only "but-for" count. Hopefully, by the summary judgment deadline, the FMLA "but-for" issue will have been definitively resolved by the Eleventh Circuit or the Supreme Court.

## CONCLUSION

For the reasons discussed above, the court by separate order will grant defendant's motion as to dismiss Counts One and Two and will deny the motion as to Counts Three, Four, Five, and Six.

**DONE** this 8th day of March, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE